IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| IN RE: THE ESTATE OF DONNA LOU HAWKINS AND RAYMOND EDWARD HAWKINS, DECEASED | CV 24-118-BLG-DWM |
| FARON RAYMOND HAWKINS and JEN HOLDINGS LLC, | ORDER |
| Plaintiffs, | |
| vs. | |
| RAYMOND E. RUSSELL, ET AL., | |
| Defendants. | |

Faron Raymond Hawkins has filed a Petition for Removal to this Court of a pending probate action in the Third Judicial District of Idaho. (Doc. 1.) Removal is not proper. The case will be dismissed.

28 U.S.C. § 1441(a) allows removal to federal court of a civil action brought in state court, by the defendants, if the United States district court has original jurisdiction. On its face, Hawkins' action is not removable. He is not a defendant in an identified Idaho action. He is an interested party to a probate. (Doc. 1 at 3.) He is also the plaintiff in a proposed action here. His named defendants appear to be

1

citizens of Idaho, (Doc. 1 at 3), which would bar removal in any event. 28 U.S.C. § 1441(b)(2).

But more damning, this Court does not have original jurisdiction of an Idaho probate action. *See City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court.") A federal court's jurisdiction does not include the authority to decide cases which would require it to, "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Markham v. Allen,* 326 U.S. 490, 494 (1946); *see also, Sutton v. English,* 246 U.S. 199, 205 (1918). Hawkins asks this Court to wade into matters that are decidedly the province of the Idaho state courts. *See Profita v. Andersen,* 771 F. App'x 414, 414 (9th Cir. 2019) ("To the extent that [plaintiff's] claims sought to have the district court probate a will, administer an estate, or dispose of property in the custody of the state probate court, the district court properly dismissed those claims for lack of jurisdiction under the probate exception because federal courts lack jurisdiction over probate matters."); *Marshall v. Marshall,* 547 U.S. 293, 311–12 (2006) ("[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.")

This Court lacks subject matter jurisdiction over this matter. Accordingly, it is HEREBY DISMISSED.

DATED this 27th day of August, 2024.

_____
Donald W. Molloy, District Judge
United States District Court